

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BROOKS HENSLEY, § | |
| o/b/o May Hensley, § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. 4:14-2984-MGL-TER |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits (DIB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claims for DIB be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 23, 2015, Plaintiff filed her objections on December 4, 2015, and Defendant filed her reply to Plaintiff's objections on December 17, 2015. The Court has reviewed Plaintiff's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed the application for DIB on August 18, 2010, asserting that Ms. Hensley's disability commenced on July 19, 2010. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on August 30, 2012. Then, on September 21, 2012, the ALJ issued a decision finding that Ms. Hensley was not disabled under the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff then filed an action for judicial review in this Court on July 25, 2014.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff raises three specific objections to the Magistrate Judge's Report, some of which contain subparts. The Court will address each one in turn.

First, Plaintiff "objects to the Magistrate [Judge's] recommendation that Ms. Hensley's depression and anxiety were not severe." Objections 2. The Court is unpersuaded.

In two of Plaintiff's sub-parts of this objection, Plaintiff maintains that "[t]he Magistrate [Judge] failed to consider the Plaintiff's assertions as to the failure to develop the record on this

3

issue, as well as Ms. Hensley's inability to obtain and afford mental health treatment." *Id*. But, this is simply not so. In fact, the Magistrate Judge goes into great detail regarding these claims.

According to the Magistrate Judge,

> [t]o the extent Plaintiff argues that the ALJ erred in failing to adequately develop a reasonably complete record, and Plaintiff has failed to demonstrate that this record is incomplete. An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. . . . [F]or a claimant to show prejudice from an ALJ's failure to develop the record, . . . [Plaintiff must demonstrat[e] that he could and would have adduced evidence that might have altered the result. Whether represented or not, the claimant bears the burden of proof, and he is responsible for providing evidence to support his application and demonstrate disability. The ALJ may order a consultative examination or tests if the agency cannot get the information it needs from the claimant's medical sources, or to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on the claimant's claim. Further, an ALJ may order additional examinations or tests if a claimant's medical sources cannot or will not give the Administration sufficient medical evidence about the claimant's impairment for the Administration to determine whether the claimant[ ] is disabled."
>
> In this case, the record contains normal mental status evaluations from February 2011 and March 2012. Additionally, the record contains the opinion of Dr. Daniels, who was credited as a treating source, as well as the opinions of two state agency psychological consultants regarding Ms. Hensel[e]y's mental impairments. The ALJ questioned Ms. Hensley at the hearing concerning the severity of her depression and anxiety. The ALJ's decision that Ms. Hensel[e]y's mental health impairments were not severe is supported by substantial evidence, and the Court does not find that the ALJ abused her discretion in failing to further develop the record as to the issue of Ms. Hensel[e]y's mental impairments.
>
> Additionally, a review of the ALJ's findings reveals that the ALJ did not penalize Ms. Hensley for not seeking treatment she could not afford; but rather considered the lack of treatment for her mental impairments as evidence that her mental impairments were not severe. With regards to one referral for mental health treatment, where the facility declined to treat Plaintiff based on her history, Plaintiff stated that she had not tried to find another treatment option. Furthermore, the evidence in the record does not support plaintiff's assertion that she could not afford mental health treatment when the record reveals she did receive medical treatment for other issues, obtain medications, and was able to afford alcohol. [The] ALJ [does] not impermissibly use plaintiff's inability to pay for treatment against

4

> her where the record suggest[s] plaintiff could afford other treatment and underlying inference was that plaintiff did not need treatment for the impairment for which she did not seek treatment.

Report 15-16 n.7 (citations omitted) (internal quotation marks omitted) (alterations omitted).

The third sub-part of this objection points the Court to evidence in the record that supports a finding that might ultimately lead to a finding of disability. But, Plaintiff's recitation of medical records that are not in accord with the ALJ's decision that Ms. Hensley was not disabled are of no value here.

Yes, the ALJ is to consider the entire record when making a determination as to the weighing of conflicting evidence; and, from the Court's careful review of the record, it appears that is what she did. As it turns out, however, in doing so, the ALJ gave more weight to the evidence that Ms. Hensley was not disabled than she did to the evidence that she was. And, that was her prerogative.

The Courts's review of the ALJ's decision is extremely limited. As long as there is substantial evidence to support the ALJ's decision and it contains no legal error, the Court is left with no choice but to affirm the ALJ's determination. As already noted, this is true even when there exists evidence to support an opposite conclusion as well as when the Court disagrees with the ALJ's decision. Consequently, the Court will overrule this objection.

Second, Plaintiff argues that the Magistrate Judge erred in "recommend[ing] that the ALJ appropriately evaluated her impairments in combination and constructed a residual functional capacity (RFC) based upon all of her impairments." Objections 7. The Court is unable to agree.

Here, Plaintiff does nothing more than generally reargue issues already considered and rejected by the Magistrate Judge. After having made a de novo review of the record as it applies to these objections**,** the Court comes to the same conclusion that the Magistrate Judge and the ALJ did:

> In sum, the . . . residual functional capacity assessment is supported by the combination of claimant's impairments. Although the

> claimant's allegations of disabling limitations , , , were not fully consistent with the medical evidence of record, the [ALJ] accorded the claimant the benefit of the doubt and further reduced the residual capacity to include her limitations as described [in the ALJ's decision].

Report 24 (quoting A.R. 28).  Hence, the Court will overrule this objection as well.

Third, Plaintiff "objects to the Magistrate [Judge's] recommendation as to the rejection of the opinion of treating physician Dr. [Alfred] Daniels."  Objections 10.

When evaluating medical opinions, the ALJ should consider "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."  *Johnson*, 434 F.3d at 654.  An ALJ, however, "may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence."  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992), or has failed to give a sufficient reason for the weight afforded a particular opinion, *see* 20 C.F.R. § 404.1527(d) (1998).  Courts are not always required to give a treating physician's testimony "controlling weight."  *Hunter*, 993 F.2d at 35.

According to 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2), a treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight when well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record.  Conversely, however, it follows that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."  *Craig v, Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

Of course, a medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(e)(1) (1998). Generally, the more the medical source presents relevant evidence to support his opinion, and the better that he explains it, the more weight his opinion is given. *See* 20 C.F.R. § 404.1527(d)(3) (1998). Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See* 20 C.F.R. § 404.1527(d)(4) (1998).

As to this objection, the Magistrate Judge went into exhaustive detail in considering the medical evidence. Plaintiff again does nothing more than posit the same arguments here that the Magistrate Judge has already considered and rejected. Nevertheless, the Court has made a de novo review of those portions of the record with which Plaintiff finds fault. But, the Court finds none. Put simply,

> the ALJ appropriately gave the state agency psychologists' opinions significant weight to the extent that they were consistent with the residual functional capacity assessment, and carefully considered the opinions of Dr. Daniels as Plaintiff's treating physician and appropriately discounted the same in accordance with the appropriate factors. Substantial evidence supports this finding.

Report 27 (citations omitted). Consequently, the Court will overrule this objection, too.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled under the Act during the relevant time period and that the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 9th day of February, 2016, in Columbia, South Carolina.

                    s/ Mary Geiger Lewis
                    MARY GEIGER LEWIS
                    UNITED STATES DISTRICT JUDGE